IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MATTHEW FITZGERALD BARRS, | § | |
| | § | |
| v. | § | A-06-CA–390 JN |
| | § | (A-89-CR-181 JN) |
| UNITED STATES OF AMERICA, | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE JAMES R. NOWLIN
      SENIOR UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Movant Matthew Fitzgerald Barrs' ("Movant") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 and Memorandum in Support filed May 25, 2006 (Clerk's Doc. No. 1); the Government's Response filed July 25, 2006 (Clerk's Doc. No. 5); and Movant's Reply filed August 18, 2006 (Clerk's Doc. No. 6).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On November 7, 1989 Movant was charged in a one-count indictment with possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Barrs filed a motion to suppress, alleging the evidence was obtained as a result of a warrantless arrest. A hearing was held regarding the matter on April 11, 1990. As a result, the Court denied Barrs' motion to suppress. On May 4, 1990, Barrs entered a plea of guilty to the one-count indictment. On July

10, 1990 the Court sentenced Barr to 262 months in confinement, five years supervised release to follow, and ordered Barrs to pay a $50 special assessment fee. Barrs filed an appeal of the District Court's denial of his motion to suppress; that decision was affirmed by the Fifth Circuit Court of Appeals. *United States v. Barrs*, 923 F.2d 852 (Table) No. 90-8440 (5th Cir. Jan. 2, 1991). On May 25, 2006, Barrs filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255. Movant alleges that the failure of his indictment to reference 21 U.S.C. §841(b) amounted to a failure to charge an element of the offense, and, therefore, the judgment in his case is void because the District Court lacked jurisdiction to impose the sentence he did. Movant further alleges that because he did not learn of his counsel's ineffectiveness until 2006 his claim is not time-barred under the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA), or, alternatively, his claim can be brought under § 2241,[1] via § 2255's savings clause.

## II. STANDARD OF REVIEW

Under Section 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under Section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir.

---

[1] 28. U.S.C. § 2241.

1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### III. DISCUSSION

On April 24, 1996, the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law. Section 105 of the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for filing a § 2255 motion in federal court. Section 2255, amended by § 105(2) of the AEDPA, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)  the date on which the judgment of conviction becomes final;
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4)  the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In this case, Movant was sentenced on July 10, 1990 and his direct appeal was affirmed on January 2, 1991. Because Movant's conviction was finalized before the AEDPA took effect on April 24, 1996, he had a one-year grace period within which to file a writ of habeas corpus in the federal courts. *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003) (defendant's conviction that became final prior to AEDPA's April, 24, 1996 effective date was entitled to one-year grace period from that date (in absence of statutory or equitable tolling) to file federal habeas petition). Given this, Movant

had until April 24, 1997 to timely file his petition. Because he did not file his petition until May 25, 2006, the petition is time-barred by the AEDPA.

Movant first argues that the failure of his indictment to allege 21 U.S.C. §841(b) amounted to a failure to charge an element of the offense, and, therefore, the judgment in his case is void because the District Court lacked jurisdiction to impose the sentence he did. Movant argues this is so because that sentence was based on a higher offense level than he would have otherwise been subjected to under the guidelines had he been properly indicted. Despite Movant's protestations that this claim is not a *Booker*-based argument, *United States v. Booker*, 543 U.S. 220 (2005), his argument belies such a claim. *See* Clerk's Doc No. 1 at 11–13 and Clerk's Doc. No. 6. Therefore, the Court concludes Movant's argument is a *Booker* claim and will analyze it as such.

Under subsection (3) of § 2255, Movant is entitled to the benefit of *Booker* only if it is "retroactively applicable" to cases on collateral review.[2] However, the Fifth Circuit and several lower courts in this district have specifically found that *Booker* cannot be applied retroactively to cases on collateral review. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005) (holding that petitioner's claims fail because "*Booker's* holding is not retroactively applicable to cases on collateral review"); *Lozano-Griego v. United States,* 2005 WL 1605702 at * 3 (W.D. Tex. July 5, 2005) (holding that *Booker* line of cases did not apply retroactively on collateral review and, therefore, Movant's § 2255 motion was time-barred); *United States v. O'Keefe*, 2005 WL 1578625 at * 4-5 (E.D. La. June 29, 2005) (holding that "*Booker* does not apply retroactively to an initial §

---

[2]*Booker* held that "pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, 'which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.'" *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (quoting *Booker*, 543 U.S. 220 (2005)).

2255 motion."). *See also In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (holding that *Booker* does not apply retroactively on collateral review for purposes of a successive § 2255 motion).

In addition to the Fifth Circuit, every circuit which has addressed the issue of the retroactivity of *Booker* has determined that it should not be applied retroactively to cases on collateral review. *See e.g., Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005) (*Booker* is not retroactive, *i.e.*, it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, date *Booker* issued); *Varela v. United States*, 400 F.3d 864, 866-68 (11th Cir. 2005) (*Booker* does not apply retroactively to § 2255 cases on collateral review); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005) (same); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005) (same).

Moreover, the Supreme Court itself has not made *Booker* retroactively applicable to cases on collateral review. *Elwood*, 408 F.3d at 213. In *Booker*, the Court stated that its holdings would apply "to all cases on *direct* review." *See Booker*, 543 U.S. at 268, 125 S. Ct. at 769 (emphasis added). As the Fifth Circuit has pointed out, "the Court could have, but did not, make any reference to cases on collateral review." *Elwood*, 408 F.3d at 213. Although the Court has not expressly addressed this issue, its decisions to date strongly suggest that *Booker* does not apply retroactively to cases on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348, 124 S. Ct. 2519 (2004) (holding that *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428 (2002), which extended application of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2004), philosophical precursor to *Booker*, to facts increasing a defendant's sentence from life imprisonment to death, does not apply retroactively to cases on collateral review).

The Court finds no reason to go against the strong weight of authority concerning the retroactivity of *Booker*. Therefore, the Court concludes that Movant's claims under *Booker* do not fall within subsection (3) of § 2255 and are thus time-barred under the statute.

Movant also argues that subsection (4) of § 2255 – providing that the time-limitation may be tolled until the date on which the facts supporting the claim could have been discovered through the exercise of due diligence – applies to him because he suffered from ineffective assistance of counsel. This is so, he argues, because his attorney did not object to his indictment's lack of an element (the drug quantity element)[3] and he did not learn of this fact until 2006 when another prisoner took an interest in his case. 28 U.S.C. § 2255.[4]

---

[3]Movant also complains that his attorney did not make any objection to the indictment's "jurisdictional defect," i.e., that his indictment did not charge an offense because it did contain the drug quantity element. *See* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, at p. 2. This amounts to the same argument that the Court analyzes in the following paragraph, and is disposed of there.

[4]Movant also argues that, in the alternative, Section 2255's "savings clause" can be used to challenge his sentence. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). However, a petitioner seeking relief under the limited exception of the § 2255 savings clause must demonstrate the § 2255 remedy is inadequate or ineffective. *Id*. This is something that Movant, by definition, *cannot* show because he only recently filed for relief under § 2255.

Movant, perhaps understandably, seems to misperceive the use and purpose of § 2255's savings clause. *See id*. ("[T]he core idea [of the § 2255 savings clause] is that the petitioner may have been imprisoned for conduct that was not prohibited by law." Movant has not claimed that he satisfies *any* of the three requirements to get relief under the savings clause, *see id*. (a petitioner seeking relief under the § 2255 savings clause must demonstrate three things: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition). Therefore his argument fails.

Movant is really making two arguments here. First, he is contending that § 2255(4) applies to him because he did not learn of the facts supporting his claim until the year before he filed his petition. This cannot be the case. The *facts* supporting his *Apprendi/Booker* claim are all facts that Movant would have been aware of when the occurred: the contents of the indictment, what he admitted factually when he pled guilty, what drug quantity the district court based his sentence on. All of these facts would necessarily have been known to Movant at the time of either his guilty plea or his sentencing. The case is the same with any ineffective assistance claim Movant is making. The facts supporting that claim are his lawyer's failure to object to the district court imposing a sentence based on facts (drug quantity) not pled in the indictment or admitted by the Movant. Again, Movant would have been aware of those facts no later than his sentencing hearing. In both cases, Movant must have known of the facts supporting his claim since at least July 10, 1990, the day he was sentenced. Accordingly, under the plain language of § 2255(4), that section does not toll the limitations period in this case.[5]

Moreover, even if the Court grants Movant that he really did know of these "facts" until recently, it gets him nowhere (and this is where Movant's second argument comes into play). To reiterate, Movant is making an *Apprendi/Booker* claim here; he is arguing that his conviction is deficient because it did not include an element of the crime charged (the element being the quantity of drugs). And this, says Movant, provides the foundation for his ineffective assistance of counsel claim because his lawyer failed to object to this fact. As a preliminary matter, at the time Movant's

---

[5]What Movant is really arguing is that he did not know of the *legal significance* of these facts until the year before he filed his petition. But knowing the significance of certain facts supporting a claim is not the type of situation § 2255(4) contemplates. Moreover, the legal significance of these facts would have become apparent when the Supreme Court decided *Apprendi*, which was handed down on June 26, 2000, well more than a year before the instant Motion to Vacate was filed.

case was tried, it was well-established that drug quantity was a sentencing factor for the trial judge and not an element of the offense to be decided by the jury and proved beyond a reasonable doubt. *See United States v. Doggett*, 230 F.3d at 160, 163-64 (citing *United States v. Hare*, 150 F.3d 419, 428 n.2 (5th Cir.1998); *United States v. Ruiz*, 43 F.3d 985, 989 (5th Cir.1995)). Therefore, his counsel could not have been ineffective for failing to raise an argument flatly barred by precedent. Furthermore, Movant's counsel's failure to predict the *Apprendi* decision (and the decisions that followed from it, such as *Booker*) does not constitute ineffective assistance of counsel – the law does not require attorneys to be able to predict future decisions. *See Valenzuela v. United States*, 261 F.3d 694, 700 (7th Cir.2001) (holding that "an [ineffective assistance of counsel] argument premised on counsel's failure to anticipate *Apprendi* would be untenable"). Accordingly, the instant motion is time-barred under the AEDPA and the Magistrate Court RECOMMENDS that the District Court DENY Movant's § 2255 Motion as time-barred.

## IV. RECOMMENDATION

The Magistrate Court **RECOMMENDS** that the District Court **DENY** Movant Matthew Fitzgerald Barrs' Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255 (Clerk's Doc. No. 1).

## X. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall

bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of September, 2006.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE